IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN THOMAS MUNNS,

                Plaintiff,                OPINION AND ORDER

    v.

                                                           13-cv-264

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Kevin Munns seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The central issue in this case is whether the ALJ erred when he failed to credit the claimant's Crohn's disease under the *de minimis* threshold at step two of the evaluation process. For reasons discussed below, the court will remand this case to the Commissioner for further proceedings.

## BACKGROUND

On October 26, 2012, the ALJ issued a decision finding Munns not disabled. (AR 10-17.) In that decision, the ALJ followed the sequential disability evaluation process set out by the regulations. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that Munns had not engaged in substantial gainful activity since the onset of his alleged disability. (AR 12.) At step two, the ALJ determined that Munns had medical impairments resulting from Crohn's Disease but found they were not "severe" because none were expected to limit Munns' work abilities significantly for a 12-month period.

(AR 12-13.) Because the ALJ found that Munns had no severe impairment, he determined that he was not disabled. (AR 17.)[1] Ultimately, this was adopted as the Commissioner's final decision.

## OPINION

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). "Evidence is substantial if a reasonable person would accept it as adequate to support a conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).

While this means administrative disability determinations are reviewed with deference, a district court may not simply "rubber stamp" the Commissioner's decision without a critical review of the evidence. *See Ehrhart v. Sec'y of Health and Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). In particular, a decision cannot stand if it lacks evidentiary support. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Similarly, the ALJ must "explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Id.; see Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Applying this standard, Munns argues that the ALJ failed to properly apply step two in light of the medical evidence correlating with his diagnosis of Crohn's Disease.

---

[1] Under the sequential evaluation process, the first step is to determine whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i). If so, the claim is denied. If not, the second step is to determine whether the claimant has a severe impairment, *i.e.*, an impairment which significantly limits the individual's ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). If not, the claim is denied. *Id*.

The Commissioner's response challenges Munns' contention.  While acknowledging that the step-two inquiry is intended to operate as a *de minimis* screening device to dispose of groundless or *frivolous* claims, Bowen v. Yuckert, 482 U.S. 137, 153–54 (1987), the Commissioner argues that the ALJ was justified in throwing out Munns' claim at this early stage in the analysis in light of the Seventh Circuit's holding in *Skinner v. Astrue,* 478 F.3d 836 (7th Cir. 2007).

In *Skinner*, the plaintiff asserted that her limitations in walking, standing, sitting, and reaching were reasonably related to her diagnoses of diabetes and hypertension.  478 F.3d at 844-45.  The Seventh Circuit nevertheless held that these impairments did not satisfy step two because the ALJ's conclusion that "the record medical evidence established that [the plaintiff's] symptoms [were] largely controlled with proper medication and treatment" was supported by substantial evidence.  *Id.* at 845.  Because the claimant could not satisfy the second step of the evaluation process, the Seventh Circuit affirmed the ALJ's decision.[2]  *Id*.  The Court explained that "the existence of [the plaintiff's] diagnoses and symptoms does not mean the ALJ was required to find that [the plaintiff] suffered disabling [*i.e.*, severe] impairments."  *Id.*

It is understandable for the Commissioner to rely on *Skinner* for the general proposition that for a claimant to get past step two, he must establish a sustained, severe limitation persisting despite medication and treatment, but the Commissioner ignores

---

[2] This basic holding is, of course, consistent with the Social Security Rulings, one of which states expressly that a medical impairment is only severe if "it significantly limits an individual's physical or mental abilities to do basic work activities[.]"  96-3p, 1996 WL 374181, at *1.  An impairment that is "slight," in that it causes only minimal limitations on basic work abilities, is not a severe impairment.  *Id.*

3

key factual differences between Munns and the claimant in *Skinner* that are critical to the present analysis.[3] Unlike *Skinner*, there is *nothing* in the medical record to suggest that Munns' Crohn's disease can be controlled with proper medication or treatment. On the contrary, there seems more than enough evidence to suggest that Munns meets the *de minimis* threshold, and there is certainly evidence of his condition lasting 12 months.[4] (AR 215-74.) For example, on September 8, 2011, Dr. Schlack-Haerer documented that even with treatment, apparently including surgery, "[Munns] still does have some ongoing symptoms, namely some intermittent bouts of abdominal crampy-type pain, gassiness, bloating, fatigue and perhaps some minimal recent weight loss." (AR 200.) On October 7, 2011, Munns presented again before Dr. Schlack-Haerer. At that time, he was noted to have "fairly chronic intermittent abdominal pain." (AR 218.)

On May 14, 2012, notes reflect that "[Munns] has a history of Crohn's disease, primarily involving the terminal ileum - status post terminal ileal resection with

---

[3] The court notes that there appears to be little case law in the Seventh Circuit on what satisfies step two, perhaps because ALJs generally toss out truly frivolous claims of a disability at that step, as intended, and claimants have little incentive to appeal. Although a holding from a sister circuit, the present appeal is factually more similar to *Newell v. Commissioner of Social Security*, 347 F.3d 541 (3d Cir. 2003). In *Newell*, the Third Circuit instructed that step two of the sequential analysis "is a *de minimis* screening device to dispose of groundless claims. An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.'" *Id*. at 546 (citations omitted). At step two, that court declared "[r]easonable doubts on severity are to be resolved in favor of the claimant." *Id*. at 547. Moreover, in *McCrea v. Commissioner of Social Security*, 370 F.3d 357 (3d Cir. 2004), the court reiterated *Newell's* teaching that the "burden placed on an applicant at step two is not an exacting one." *Id.* at 360.

[4] Other courts have summarized the disease as follows: "Crohn's disease is a chronic, inflammatory disease of the gastrointestinal tract which produces symptoms such as severe abdominal pain, cramping, nausea, fatigue, diarrhea, and insomnia." *Dix v. Sullivan*, 900 F.2d 135, 136 (8th Cir. 1990).

ileacolonic anastomosis many years ago. . . . Currently some of his symptoms sound suspicious for either recurrent/active Crohn's disease or recurrent obstructive symptoms." (AR 255.) Dr. Schlack-Haerer also recorded his impressions.

> [Munns'] *symptoms of escalating abdominal pain have certainly been interfering with his quality of life and his ability to pursue gainful employment*. I believe that his current status warrants a disability status as we pursue correction of the problem. He is having a considerable amount of abdominal pain as well as weight loss and iron deficiency anemia. I do not think that this issue is amenable to endoscopic dilation or other intervention.

(AR 256 (emphasis added).)

In light of Dr. Schlack-Haerer's notes as the claimant's treating physician, and given the low threshold required to satisfy step two, there is more than enough objective medical evidence to support Munns claim proceeding at least past step two of the evaluation process.[5] As such, the case is remanded for reconsideration of the remaining steps of that evaluation process.

Reinforcing the need for remand is the ALJ's inadequate analysis of the medical record. Specifically, the ALJ "accord(ed) great weight to the opinions of state agency medical consultants Drs. Syd Foster and Pat Chan" even though both consultants did not consider additional records that were submitted supporting Munns' claim to disability

---

[5] If a severe impairment is present at step two, the third step is to determine whether it meets or equals a listed impairment. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If it does, a finding of disability is directed. *Id.* If not, the fourth step is to determine whether the claimant has an impairment which precludes the performance of past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). If not, the claim is denied. *Id*. If so, the fifth step is to determine whether the claimant's impairments prevent the performance of any other work, considering residual functional capacity, age, education and work experience. *See* 20 C.F.R. § 404.1520(a)(4)(v). These regulations pertain to Social Security disability insurance cases. Identical regulations pertain to SSI regulations. *See* 20 C.F.R. § 416.920.

benefits. (AR 13.) Among those records were Dr. Schlack-Haerer's notes as a treating physician, observing, as quoted above, that Munns' "symptoms of escalating abdominal pain have certainly been interfering with his quality of life and his ability to pursue gainful employment."[6] (AR 256.) Tellingly, a substantial portion of these medical records are dated *after* the State Agency consultants found that Munns' condition was not severe.[7]

Accordingly, the ALJ's reliance on the opinions of the state agency consultants, who lacked arguably "new and potentially decisive evidence" constitutes an additional ground for error. *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2017). Even more troubling, rather than submit these new records to medical scrutiny, the ALJ essentially played doctor by evaluating the records himself (AR 15), a "clear no-no" under Seventh Circuit case law. *Id.*; *see also Stage v. Colvin*, No. 15-1837, 2016 WL 492333, at *3-4 (7th Cir. 2016).

On remand, this order does not mandate that any medical opinion be given a particular weight, nor does it mandate a finding of disability. What *is* required is that in assessing steps three through five to determine whether disability benefits should be granted on remand, the ALJ must articulate valid reasons for affording a particular weight to each of the medical opinions in the record. And particularly for any treating physician

---

[6] On September 26, 2012, Dr. Schlack-Haerer documented Munns with "a fair amount of intermittent abdominal cramping with frequent loose stools and significant gassiness. . . . [Munns] does complain of significant fatigue as well and states his activity is limited as a result of that." (AR 274.)

[7] Drs. Syd Foster and Pat Chan rendered opinions on October 6, 2011, and January 4, 2012, respectively. (AR 213, 229.)

opinions that the ALJ finds are not deserving of controlling weight, he or she must identify and apply the pertinent regulatory factors in 20 C.F.R. § 404.1527(c) in assigning what weight, if any, is appropriate. Merely mentioning a factor is not enough; the ALJ must explain how that factor weighs for or against crediting the opinion. *See Evans v. Colvin*, No. 12-cv-888-jdp, 2014 WL 2615413, at *5 (W.D. Wis. June 12, 2014) ("[F]ailure to explicitly discuss the § 1527(c) factors is itself a deficiency that warrants remand.").

### ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 25th day of February, 2016.

BY THE COURT:

/s/

_____
William M. Conley
District Judge